'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NOSRATOLLAH SATVATI et al., | CV 21-08840-RSWL-PDx |
|---|---|
| Plaintiff, | **ORDER re: DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** [26] |
| v. | |
| ALLSTATE NORTHBROOK INDEMNITY COMPANY, | |
| Defendant. | |

Plaintiffs Nosratollah Satvati and Farideh Satvati ("Plaintiffs") bring this Action against Allstate Northbrook Indemnity Company ("Defendant") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair business practices (pursuant to Bus. & Professions Code §§ 17200, *et. seq.*).[1] Currently before the Court is Defendant's Motion for Partial Judgment on the Pleadings [26]

---

[1] The parties stipulated to dismiss the third claim for unfair business practices on August 3, 2022.

1

("Motion") on the breach of contract claim.

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings on the breach of contract claim **WITHOUT LEAVE TO AMEND.**

## I. BACKGROUND

### A. Factual Background

The Complaint alleges:

An underinsured motorist ("UIM") crashed into Plaintiffs' car causing them injuries that far exceeded the UIM's $15,000 insurance policy limit. Compl. ¶¶ 7-9, ECF No. 1. Plaintiffs' insurance policy ("Policy") with Defendant provided $250,000 each for UIM bodily injuries coverage. Id. ¶¶ 5-6. After both settling for $15,000 against the UIM, Plaintiffs demanded Defendant pay them the UIM Policy limit up to $250,000 each. Id. ¶¶ 9-10.

The parties failed to agree to a UIM benefit amount, so pursuant to the Policy, Plaintiffs served Defendant with a formal demand for arbitration. Id. ¶ 13. The next day, Defendant accepted Plaintiffs' demand. Id. Following the acceptance, Defendant subsequently "refused to cooperate in retaining the arbitrator," "unreasonably delayed commencement of [a]rbitration," and "refused to comply with . . . discovery requests, including failing to appear at a scheduled deposition." Id. ¶¶ 14-15. Almost seven

months after demanding arbitration, Plaintiffs filed a petition to compel arbitration and appoint a neutral arbitrator. Id. ¶ 16.

After negotiating, the parties settled Mr. Satvati's claim for the maximum Policy limit allowed - $235,000. Id. ¶ 18. Prior to the arbitration hearing, the parties did not settle Mrs. Satvati's claim because Defendant made several "unreasonably low settlement offers," with a final low $16,728.99 offer. Id. ¶¶ 19-21. Almost eighteen months after Plaintiffs filed the petition to compel arbitration, the arbitrator issued a $48,873.60 award. Id. ¶ 23.

Defendant's failure to properly investigate Plaintiffs' claim and issue payment caused increased expert witness fees, attorney's fees, and other costs and expenses related to litigation and arbitration. Id. ¶ 28. Plaintiffs' damages include 1) loss of timely use of benefits, 2) interest on monies Plaintiffs should have received promptly, and 3) other costs to be proven at trial. Id. ¶ 37.

B. **Procedural Background**

Plaintiffs filed their Complaint [1] in the Superior Court County of Los Angeles on August 20, 2021, and Defendant removed the case on November 10, 2021. Defendant filed the instant Motion [26] on August 9, 2022. Plaintiff opposed [27] the Motion on August 16, 2022. Defendant replied [28] on August 23, 2022.

///

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) states that "after the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, meaning the same pleading standards apply. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). The non-moving party's allegations must be accepted as true, and any allegations made by the moving party that have been denied or contradicted are assumed to be false. MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006). Judgment on the pleadings is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

In ruling on a motion for judgment on the pleadings, courts may consider documents attached to the complaint, documents incorporated by reference into the complaint, or matters properly subject to judicial notice. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a

4

complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. at 908.

**B. Discussion**

    1. Judicial Notice

An adjudicative fact may be judicially noticed when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When a breach of contract claim relies on an insurance contract's policy terms, the policy itself is typically appropriate for judicial notice as "unattached evidence on which the complaint necessarily relies." Khoury Invs. Inc. v. Nationwide Mut. Ins. Co., No. CV 13-05415-MWF (EX), 2013 WL 12140449, at *2 (C.D. Cal. Sept. 16, 2013). See also Enger v. Allstate Ins. Co., 682 F. Supp. 2d 1094, 1096 (E.D. Cal. 2009) (judicially noticed an insurance policy and letter referenced in the complaint when the plaintiff did not dispute either document's authenticity).

Defendant filed a request to judicially notice three policy insurance documents: (1) the Policy, (2) the Amendment of Policy Provisions (the "Amendment"), and (3) the California Amendatory Endorsement (the "Endorsement"). See generally Defendant's Req. for Judicial Notice ("RJN"), ECF No. 26-2. As in Enger,

```
 1  Plaintiffs do not dispute the insurance documents'
 2  authenticity and instead cite language from them to
 3  support their breach of contract claim.  See Pls.' Opp'n
 4  to Mot. ("Opp'n") 8:20-26, ECF No. 27.
 5      Therefore, because Plaintiffs' breach of contract
 6  claim necessarily relies on and does not dispute the
 7  Policy, the Amendment, and the Endorsement, the Court
 8  GRANTS Defendant's request for judicial notice for all
 9  three documents.
10          2.  Breach of Contract Claim
11              a.  The Alleged Delay Did Not Constitute a
12                  Breach of Contract
13      To plead a breach of contract claim a plaintiff
14  must allege (1) a contract existed, (2) plaintiff
15  performed or is excused for nonperformance, (3)
16  defendant breached, and (4) plaintiff was damaged.
17  Walsh v. W. Valley Mission Cmty. Coll. Dist., 66 Cal.
18  App. 4th 1532, 1545 (1998).  To survive a motion to
19  dismiss, a plaintiff must identify a specific contract
20  provision breached by the defendant.  Misha Consulting
21  Grp., Inc. v. Core Educ. & Consulting Sols., Inc., No.
22  C-13-04262-RMW, 2013 WL 6073362, at *1 (N.D. Cal. Nov.
23  15, 2013).  In Mason v. Allstate Insurance Co., a
24  plaintiff wanted to recover arbitration and litigation
25  expenses due to an insurer's refusal to timely offer the
26  policy limit.  No. SACV 13-01521-JVS, 2014 WL 212245, at
27  *3 (C.D. Cal. Jan. 6, 2014).  The Mason Court dismissed
28  the claim because the policy clearly indicated that
```

claim valuation disputes were subject to arbitration. Id. Furthermore, the plaintiff's complaint did not offer any "factual allegations to support his conclusion that delay in payment constituted a breach of the insurance policy." Id.

Like in Mason, here, the Policy clearly indicates that UIM damages disputes "will be settled by a single neutral arbitrator." RJN at 31. Plaintiffs do not dispute that Defendant paid Mr. Satvati the Policy limit and Mrs. Satvati the arbitration award. Compl. ¶¶ 18, 23. For delay in payment to constitute breach of contract, Defendant's conduct, or lack of conduct, would need to breach a provision within the Policy. In the Complaint, Plaintiffs fail to identify a Policy provision that Defendant breached. See generally Compl. Thus, Defendant's delay does not constitute a breach of contract.

    b. *Defendant Did Not Breach the Arbitration Timing Clause*

In their Opposition, Plaintiffs for the first time allege that Defendant's delay in commencing arbitration breached a specific Policy term, that arbitration will commence within one year from the date of the accident (the "Provision").[2] Opp'n at 9:1-2. However, the

---

[2] When alleging breach, a plaintiff may plead "the legal effect of a contract rather than pleading its precise language." Constructive Protective Servs., Inc. v. TIG, 57 P.3d 372, 377 (2002). However, "[r]aising a completely new theory of liability, with only attenuated connection to a complaint, in a[n] . . . opposition . . . does not grant Defendant fair notice of Plaintiffs' claim." Provencio v. Vazquez, 258 F.R.D. 626, 639

Endorsement replaced the Provision with the following clause: "no one may pursue arbitration . . . unless the demand for arbitration is made *within two years* after the date of the accident." RJN at 44 (emphasis added).

The Endorsement replaced the Provision before the accident or claim arose. See RJN at 1-4. Plaintiff had notice of the change through the "Amended auto policy declarations" ("Declarations"). Id. The Declarations referenced the Endorsement in the subsection titled "Your policy documents," and the date on the documents show the updated Policy was effective prior to the accident. Id. at 10, 13. Therefore, the Provision no longer applies because the Endorsement has superseded it.

Defendant also has complied with the Endorsement. The accident occurred after the Endorsement became effective. Compl. ¶ 8. Plaintiffs concede that Defendant accepted a formal demand for arbitration within two days. Id. ¶ 13. The parties complied with the Endorsement's arbitration demand timing requirement because Defendant accepted Plaintiffs' demand for

---

(E.D. Cal. 2009); see also Gerritsen v. Warner Bros. Ent. Inc., 116 F. Supp. 3d 1104, 1126 (C.D. Cal. 2015) (holding it "improper" for a plaintiff to assert an unpled theory of liability in an opposition to a motion to dismiss). In the Complaint, Plaintiffs' breach of contract subsection did not address arbitration timing, but rather focused on Defendant's failure to "timely pay monies due under the contract." See Compl. ¶ 36. Given that Plaintiffs' argument regarding the Provision is a completely new theory only attenuated to the Complaint, Defendant was not given fair notice. Therefore, the Court does not consider the new theory when deciding whether to grant or deny the Motion.

1 arbitration within two years from the date of the
2 accident.  Id.  Therefore, the Provision was superseded,
3 and Defendant has complied with the Endorsement.
4        C.    *Plaintiffs Have Not Alleged Cognizable*
5              *Damages*
6     Even if Defendant breached the Provision,
7 Plaintiffs still must allege contract damages to avoid a
8 motion for judgment on the pleadings.  Breach of
9 contract damages include direct damages, which
10 compensate for the value of the promised performance,
11 and consequential damages, which compensate for
12 additional losses incurred because of the breach.
13 Speirs v. BlueFire Ethanol Fuels, Inc., 243 Cal. App.
14 4th 969, 989 (2015).
15              i.   *Plaintiffs Cannot Claim Direct Damages*
16     California courts measure direct damages by what
17 will compensate the aggrieved party for all the
18 detriment caused by the breaching party.  Cal. Civ. Code
19 § 3300.  Direct damages cannot exceed the value of the
20 breaching party's promised performance.  Becerra v.
21 Allstate Northbrook Indem. Co., No. 22-CV-00202-BAS-MSB,
22 2022 WL 2392456, at *6 (S.D. Cal. July 1, 2022).  The
23 Becerra Court ruled as a matter of law that a plaintiff
24 could not claim direct damages because she received the
25 policy limit.  Id.  Additionally, a plaintiff cannot
26 claim direct damages as a matter of law where the
27 insured pays an arbitration award pursuant to the
28 policy.  Paulson v. State Farm Mut. Auto. Ins. Co., 867

9

F. Supp. 911, 917 (C.D. Cal. 1994).

Here, Mr. Satvati settled his claim for the Policy limit. Compl. ¶ 18. Like in Becerra, Mr. Satvati has already recovered the maximum direct damages he can receive for his breach of contract claim. Moreover, like in Paulson, Plaintiffs concede they demanded arbitration pursuant to the Policy, and the Arbitrator issued a final $48,873.60 award for Mrs. Satvati's claim. Compl. ¶ 13, 23. Giving any more direct damages to Plaintiffs would exceed the value of Defendant's promised performance of paying the Policy limit and arbitration award. Thus, both Plaintiffs cannot claim direct breach of contract damages as a matter of law.

## ii. *Plaintiffs Are Not Entitled to Arbitration Costs*

California Code of Civil Procedure Section 1284.2 states:

> Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit.

Cal. Civ. Proc. Code § 1284.2 (West 2007).

10

1    California courts have interpreted this statute to
2 mean that insured parties are "not entitled to . . .
3 costs . . . incurred in arbitration" absent a provision
4 in their insurance policy providing otherwise.  Becerra,
5 2022 WL 2392456, at *8.
6    In Becerra, the plaintiff sought to recover
7 arbitration-related expenses, but the insurance policy
8 at issue provided "[a]ll expenses of arbitration will be
9 shared equally" and "attorney fees and fees paid to
10 medical or other expert witnesses are . . . to be paid
11 by the party incurring them."  Id.  Therefore, the
12 Becerra court held such attorney's fees and arbitration
13 expenses did not constitute cognizable consequential
14 damages.  Id.; see also Mason v. Allstate Ins. Co. No.
15 SACV 13-01521-JVS, 2014 WL 212245, at *2 (C.D. Cal. Jan.
16 6, 2014) (finding that a plaintiff had not alleged
17 cognizable damages under a breach of contract theory
18 because the policy specifically stated that arbitration
19 expenses should be borne by each party equally).
20    Here, the Policy at issue employs the same language
21 as the Becerra policy.  See RJN at 31.  The Policy
22 contains no provisions that entitle Plaintiffs to costs
23 incurred in arbitration.  See generally RJN.  Therefore,
24 as in both Becerra and Mason, the Plaintiffs are
25 precluded by both California Code of Civil Procedure
26 Section 1284.2 and the specific Policy language from
27 recovering costs incurred in arbitration.
28 ///

       iii. *Plaintiffs Have Not Pled Sufficient Factual Information to Plausibly Infer Other Consequential Damages*

An unreasonable delay in paying policy benefits does not in itself establish economic loss to the plaintiff. Maxwell v. Fire Ins. Exch., 60 Cal. App. 4th 1446, 1450 (1998). A plaintiff must plead damages that are a reasonably foreseeable result of the purported breach of contract. Mattson v. United Servs. Auto. Ass'n, No. 18CV222 JM (KSC), 2019 WL 2330087, at *8 (S.D. Cal. May 31, 2019). Thus, to survive a 12(b)(6) or 12(c) motion, plaintiffs must plead sufficient factual information to enable the court to decipher what consequential damages occurred as a result of the purported breach. See Becerra, 2022 WL 2392456, at *7 (finding a complaint alleging delay-induced "costs and expenses" "devoid of any factual information" that would enable the court to draw a plausible inference in plaintiff's favor); cf. Mattson, 2019 WL 2330087 (denying a motion for summary judgment because a plaintiff hair stylist specifically alleged arbitration cancellations lost her client fees).

 As in Becerra, in which the plaintiff failed to adequately specify damages other than statutorily precluded fees, here, Plaintiffs have only alleged the "loss of timely use of benefits;" "consequential damages including interest on monies;" and "other fees, expenses, and costs to be proven at trial." Compl. ¶

37.  This conclusory language is analogous to the delay-induced "costs and expenses" the Becerra court found insufficient.  Accordingly, the Plaintiffs have not plead sufficient factual information for the Court to plausibly infer that the delay in arbitration caused cognizable breach of contract damages.

Therefore, the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings on the breach of contract claim.

3. Leave to Amend

Although Rule 12(c) does not mention amendments, courts have discretion to grant a Rule 12(c) motion with leave to amend.  Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).  "The court should give leave [to amend] freely when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  Against this extremely liberal standard, the Court may consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Here, Plaintiffs' Complaint cannot be cured because Plaintiffs can neither identify a contractual provision that has been breached nor allege cognizable contract damages.  Given that the Endorsement superseded the

13

Provision, even under an extreme liberal standard, no additional facts could sustain a breach of contract. Because the defective breach of contract claim cannot be cured through amendment, leave to amend would be futile. See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc., 817 F. App'x 380, 385 (9th Cir. 2020) (affirming district court's denial of leave to amend where no additional facts are available that would support plaintiff's claim to cure its deficiencies). Therefore, the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings on the breach of contract claim **WITHOUT LEAVE TO AMEND.**

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings on the breach of contract claim **WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

DATED: October 6, 2022          /s/Ronald S.W. Lew
                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge